**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 25, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10840
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO ALBERTO PAZZI-DE HOYOS,

Defendant-Appellant.

Consolidated with
No. 06-10841
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO ALBERTO PAZZI-DE HOYOS, also known
as Mario Alberto Mendoza-Garcia,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Northern District of Texas
USDC No. 5:06-CR-53-ALL
USDC No. 5:06-CR-13-ALL
--------------------

Before DAVIS, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mario Alberto Pazzi-De Hoyos pleaded guilty to illegal entry after deportation in violation of 8 U.S.C. § 1326. Pazzi-De Hoyos' supervised release with respect to a prior conviction was also revoked. Pazzi-De Hoyos appeals his conviction and revocation, arguing that (1) venue in the Northern District of Texas was improper with respect to his illegal reentry guilty plea conviction and (2) the district court erred when it used his prior aggravated felony conviction to enhance his illegal reentry sentence.

Pazzi-De Hoyos' physical presence as well as the illegal status of his presence was discovered by immigration authorities when he was within the Northern District of Texas. Under 8 U.S.C. § 1326, venue was proper in the Northern District. See United States v. Asibor, 109 F.3d 1023, 1037 (5th Cir. 1997); United States v. Santana-Castellano, 74 F.3d 593, 598 (5th Cir. 1996).

Pazzi-De Hoyos also challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. Pazzi-De Hoyos' constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Pazzi-De Hoyos contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have

repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding.  <u>See</u> <u>United States v. Garza-Lopez</u>, 41 F.3d 268, 276 (5th Cir. 2005).  Pazzi-De Hoyos properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.